**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARRY LING,<br><br>                    Plaintiff,<br><br>           -against-<br><br>CAWLEY & BERGMANN, LLC, and<br>JHPDE FINANCE I, LLC,<br><br>                    Defendants. | Case No.1:22-cv-9987<br><br>**COMPLAINT** |

Plaintiff, HARRY LING ("Plaintiff"), by and through his undersigned attorney, alleges the following against Defendants, CAWLEY & BERGMANN, LLC and JHPDE FINANCE I, LLC ("C&B" and "JHPDE" respectively and "Defendants" collectively):

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Counts III and IV of Plaintiff's Complaint are based on the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 15 U.S.C. § 1692k (FDCPA), and 15 U.S.C. § 1693 (EFTA).

1

4.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1693m, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6.  Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7.  Plaintiff is a natural person residing in the City of New York, New York County, State of New York.

8.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

9.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. C&B is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. JHPDE is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

12. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

13. C&B is a is a New York limited liability company headquartered in the Town of Newark, Essex County, State of New Jersey.

14. JHPDE is a Delaware-organized limited liability company and debt buyer located in the City of Hazelwood, St. Louis County, State of Missouri.

2

15. Defendants are business entities engaged in the collection of debt within the State of New York.

16. The principal purpose of Defendants businesses is the collection of debts allegedly owed to, or originally owed to, third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to, or originally owed to, third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties, or originally owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and electronic mail.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff, arising from an unpaid WebBank/LendingClub account.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

22. In or around December 2021, Plaintiff was in communications with C&B in an effort to set up a payment plan to pay the alleged debt, but a payment plan was never finalized.

23. On or about December 18, 2021, C&B withdrew $3,000.00 from Plaintiff's personal checking account without Plaintiff's authorization.

3

24. On or about December 31, 2021, C&B withdrew $6,500.00 from Plaintiff's personal checking account without Plaintiff's authorization, leaving Plaintiff's personal checking account overdrawn by -$5,882.62.

25. On or about January 7, 2022, C&B attempted to withdraw $6,500.00 from Plaintiff, but it was actually Plaintiff's parents' personal checking account, also without authorization.

26. C&B's attempt to withdraw funds from Plaintiff's parents' personal checking account caused an unauthorized third-party disclosure to Plaintiff's parents that Plaintiff allegedly owed a debt.

27. During Plaintiff's communications with C&B, C&B's collectors threatened Plaintiff with a lawsuit if Plaintiff did not pay the alleged debt.

28. To date, Plaintiff has not paid the alleged debt.

29. To date, C&B has not sued Plaintiff.

30. C&B never intended to sue Plaintiff.

31. To date, JHPDE has not sued Plaintiff.

32. JHPDE never intended to sue Plaintiff.

33. The above-referenced empty and unlawful threats were calculated to frighten and coerce Plaintiff into paying the alleged debt.

34. The natural consequences of C&B's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

35. The natural consequences of C&B's actions was to produce an unpleasant and/or hostile situation between C&B and Plaintiff.

36. The natural consequences of C&B's collectors' actions was to cause Plaintiff mental distress.

37. Plaintiff has sustained actual monetary damages as a result of C&B's actions.

38. C&B's actions further constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

**COUNT I**
**CAWLEY & BERGMANN, LLC VIOLATED THE FAIR DEBT COLLECTION**
**PRACTICES ACT**

39. C&B violated the FDCPA based on the following:

   a. C&B violated § 1692b(3) of the FDCPA by C&B communicating with Plaintiff's parents that Plaintiff allegedly owes a debt;

   b. C&B violated § 1692c(b) of the FDCPA by C&B communicating with Plaintiff's parents that Plaintiff allegedly owes a debt;

   c. C&B violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when C&B employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

   d. C&B violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when C&B engaged in at least the following discrete violations of § 1692e;

   e. C&B violated § 1692e(2)(A) of the FDCPA by its false representation of the

character, amount, or legal status of any debt when C&B's collector made empty threats of legal action against Plaintiff;

f.   C&B violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when C&B made empty threats of legal action against Plaintiff;

g.   C&B violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when C&B made empty threats of legal action against Plaintiff;

h.   C&B violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when C&B engaged in at least all of the other discrete violations of § 1692e alleged herein;

i.   C&B violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when C&B engaged in all of the misconduct alleged herein;

j.   C&B violated § 1692f(1) of the FDCPA by its collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when C&B withdrew the above-referenced funds Plaintiff's personal checking account—without authorization; and

k.  C&B violated § 1692f(2) of the FDCPA by C&B's acceptance from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit when C&B withdrew funds from Plaintiff's personal checking account without providing such notices.

WHEREFORE, Plaintiff, HARRY LING, respectfully requests judgment be entered, both jointly and severally, against Defendant, CAWLEY & BERGMANN, LLC, for the following:

40. Actual damages in an amount to be determined at trial pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

43. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**JHPDE FINANCE I, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 39 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

45. As alleged above, JHPDE is a debt collector as defined by the FDCPA.

46. JHPDE engaged the services of fellow debt collector C&B to collect the alleged debt from Plaintiff.

47. JHPDE has the burden to monitor the activities of C&B.

48. C&B violated the FDCPA.

49. JHPDE is vicariously liable for the unlawful collection activities carried out by C&B on its behalf.

WHEREFORE, Plaintiff, HARRY LING, respectfully requests that judgment be entered, both jointly and severally, against Defendant, JHPDE FINANCE I, LLC, for the following:

50. Actual damages in an amount to be determined at trial pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

51. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

52. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

53. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**CAWLEY & BERGMANN, LLC VIOLATED THE ELECTRONIC FUND TRANSFER ACT**

54. Plaintiff repeats and realleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

55. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

56. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

57. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

58. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

59. C&B has debited Plaintiff's bank account without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

60. C&B has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

WHEREFORE, Plaintiff, HARRY LING, respectfully requests judgment be entered, both jointly and severally, against Defendant, CAWLEY & BERGMANN, LLC, for the following:

61. Actual damages to be determined at trial pursuant to the Electronic Fund Transfer Act.

62. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

63. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

64. Any other relief that this Honorable Court deems appropriate.

## COUNT IV:
## JHPDE FINANCE I, LLC VIOLATED THE ELECTRONIC FUND TRANSFER ACT

65. Plaintiff incorporates herein by reference the foregoing paragraphs 54 through 60 of this Complaint as though fully stated herein under Count IV of Plaintiff's Complaint.

66. JHPDE engaged the services of fellow debt collector C&B to collect the alleged debt from Plaintiff.

67. JHPDE has the burden to monitor the activities of C&B.

68. C&B violated the EFTA.

69. JHPDE is vicariously liable for the unlawful collection activities carried out by C&B on its behalf.

WHEREFORE, Plaintiff, HARRY LING, respectfully requests that judgment be entered, both jointly and severally, against Defendant, JHPDE FINANCE I, LLC, for the following:

70. Actual damages to be determined at trial pursuant to the Electronic Fund Transfer Act.

71. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

72. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

73. Any other relief that this Honorable Court deems appropriate.

DATED: November 22, 2022                         RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
-and-
HORMOZDI LAW FIRM, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 312-224-4695
Direct: 678-960-9030
Fax: 312-253-4451
shireen@agrusslawfirm.com
Attorney for Plaintiff